IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FUNDACION TELETON USA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALORICA, INC.,<br><br>    Defendant. | 8:24CV117<br><br>ORDER |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 42. The plaintiff, Fundacion Teleton USA ("Fundacion"), brought this action against the defendant, Alorica, Inc. ("Alorica"), alleging causes of action for breach of contract, fraudulent inducement and misrepresentation, and negligent misrepresentation. Filing No. 6.

## BACKGROUND

Fundacion is a nonprofit organization based in San Antonio, Texas. Filing No. 6 at 2. Fundacion raises money to build and support the Children's Rehabilitation Institute of TeletonUSA. *Id.* Fundacion's primary fundraising event is a 30-hour telethon that is hosted on Univision. *Id.* at 3. Alorica provides call center services. *Id.*

On July 12, 2013, 2013, Fundacion contracted with West Direct, LLC (West) for services to be performed during Fundacion's annual telethon. Filing No. 6 at 3. The contract provided West would be responsible for handling and distributing calls to the 800-number for the length of the telethon. *Id.* "West expressly acknowledged and represented it had the 'legal and technical capacity to fully comply with the rendering of the services agreed … as well as in the corresponding Service Schedule.'" *Id.* On September 24, 2014, Fundacion entered "an IVR

1

Service Schedule" indefinitely extending the parties' relationship. *Id.* at 4. Alorica later acquired West; however, the business relationship with Fundacion continued. *Id.*

Fundacion relied on Alorica to provide interactive voice response ("IVR") telephone services for its 2019 telethon that was held on March 22 and 23, 2019. Filing No. 6 at 4. "Alorica was responsible for handling and distributing all calls to the 800-number for the entire telethon." *Id.* Fundacion requested that Alorica be prepared to handle 130,000 calls; anticipating that number of calls would result in Alorica's system handling over three million dollars in donations. *Id.* Fundacion approved Alorica's fee that was charged to test Alorica's capacity to ensure it could handle the substantial call volume that was expected. *Id.* at 5.

The telethon began on March 22, 2019, and around midnight, Fundacion noticed it was not receiving donations from Alorica's system. Filing No. 6 at 5. Fundacion notified Alorica about the problem, and Alorica seemed unaware of the issue and represented to Fundacion the IVR was working. *Id.* Through the night, Fundacion exchanged multiple emails with Alorica's technical staff and received numerous assurances that the problem would be resolved. *Id.*

Prior to the telethon, Alorica confirmed to Fundacion that the backup system required under the parties' agreement, was in place. Filing No. 6 at 5. After receiving notice of the problem, Alorica did not switch to the backup system, and continued to assure Fundacion that service would be restored soon. *Id.* After seven hours into the telethon, Fundacion found an alternative IVR system and rerouted as many calls as possible. *Id.*

Alorica's failure to fix the issue and switch to a backup system resulted in extended wait times, missed calls, call failures, and a high number of call abandonments. Filing No. 6 at 5. Although Alorica had represented it could handle 130,000 calls for the telethon, it only took

7,074 calls, which lead to $271,646.00 in donations as opposed to the projected $3,000,000.00. *Id.* at 6.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The facts alleged require "a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Bell Atlantic Corp.*, 550 U.S. at

3

556. Assuming the truth of a plaintiff's allegations, "a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of the claim." Stark v. Soteria Imaging Servs., Inc., 276 F. Supp. 2d 989, 993 (D. Neb. 2003).

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint, and if the Court considers matters outside the pleadings, the motion to dismiss must be converted to on for summary judgment. Fed. R. Civ. P. 12(d). The Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

**DISCUSSION**

Alorica seeks to dismiss Fundacion's First Amended Complaint arguing, the factual allegations are not sufficient to state any of the claims asserted. Filing No. 42 at 7–12. According to Alorica, Fundacion's breach of contract claim fails because it is covered by an express disclaimer in the agreement between the parties; Fundacion has failed to plead the elements of fraud with the required specificity; and the contract documents foreclose Fundacion's ability to state any actionable claim for breach of contract or tort violations. Id.

4

**Breach of Contract**

Fundacion's First Amended Complaint asserts allegations regarding the service agreement and schedule executed by the parties; however, Fundacion did not attach the agreements to the complaint. Alorica attached the documents referenced by Fundacion to its motion to dismiss. Filing No. 42 at 16–27.

Alorica argues Fundacion's allegations for breach of contract are merely labels and conclusions that do not satisfy the facts required to state an actionable claim for relief, and that Fundacion's contention that Alorica failed to provide its services free of interruption and error is expressly disclaimed by the terms of the agreement. Filing No. 42 at 7–8. The agreement provided:

> **11. Limited Warranty and Limitations of Liability.**
>
> a. EXCEPT AS EXPRESSLY PROVIDED HEREIN, WEST MAKES NO EXPRESS OR IMPLIED WARRANTIES, AND WEST EXPRESSLY DISCLAIMS ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR NON-INFRINGEMENT. WEST EXPRESSLY DENIES ANY REPRESENTATION OR WARRANTY ABOUT THE ACCURACY OR CONDITION OF DATA OR THAT THE SERVICES OR RELATED SYSTEMS WILL OPERATE UNINTERRUPTED OR ERROR-FREE.
>
> b. NO CAUSE OR ACTION WHICH ACCRUED MORE THAN TWO (2) YEARS PRIOR TO THE FILING OF A SUIT ALLEGING SUCH CAUSE OF ACTION MAY BE ASSERTED UNDER THIS AGREEMENT BY EITHER PARTY.
>
> c. EXCEPT FOR WEST'S INDEMNIFICATION OBLIGATIONS, WEST WILL NOT BE LIABLE FOR ANY INDIRECT, EXEMPLARY, SPECIAL, PUNITIVE, CONSEQUENTIAL, OR INCIDENTAL DAMAGES OR LOSS OF GOODWILL, DATA OR PROFITS, OR COST OF COVER. THE TOTAL LIABILITY OF WEST FOR ANY REASON, SHALL, BE LIMITED TO THE PENALTIES SPECIFIED IN THE APPLICABLE SERVICE SCHEDULE. THE LIMITS ON LIABILITY IN THIS SECTION 11 SHALL APPLY IN ALL CASES INCLUDING IF THE APPLICABLE CLAIM ARISES OUT OF BREACH OF EXPRESS OR IMPLIED WARRANTY, CONTRACT, TORT (INCLUDING NEGLIGENCE), OR STRICT PRODUCT LIABILITY, AND EVEN IF A PARTY HAS BEEN ADVISED THAT SUCH DAMAGES ARE POSSIBLE OR FORESEEABLE.

*Id.* at 17.

To state a claim for breach of contract a plaintiff "must plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty." *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).

Fundacion's First Amended Complaint alleges the minimal required facts to state a claim for breach of contract. Whether the disclaimer contained in the agreement limits Alorica's liability for Fundacion's claims is a matter properly raised in an answer responding to the allegations contained in the First Amended Complaint.

**Fraud in the Inducement**

In Nebraska, the following elements are required to be alleged and proved in order to maintain an action for fraudulent misrepresentation: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff suffered damage as a result. *Outlook Windows P'ship v. York Int'l Corp.*, 112 F. Supp. 2d 877, 893–94 (D. Neb. 2000) (citing *Cao v. Nguyen*, 607 N.W.2d 528, 532 (Neb. 2000)). To constitute fraud, a misrepresentation must be an assertion of fact, not merely an expression of opinion. *Ed Miller & Sons, Inc. v. Earl*, 502 N.W.2d 444, 453 (Neb. 1993).

Alorica asserts that Fundacion failed to properly plead the elements of fraud in the inducement, arguing Fundacion failed to plead its claim for fraud with sufficient particularity.

Filing No. 42 at 9. According to Alorica, Fundacion fails to "identify who made the alleged misrepresentations and when they were made." Id.

Fed. R. Civ. P. 9(b) requires plaintiffs to allege "the time, place, and contents of false representation as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (quoting Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002)). Fundacion alleges early into the telethon, Alorica's technical staff represented to Fundacion that the IVR system was working, and throughout the night the technical staff repeatedly promised Fundacion a fix was forthcoming, and service would be restored. Filing No. 6 at 5. Fundacion alleged the promises were false and made to induce Fundacion into continuing its use of the IVR system during the telethon, Fundacion relied on the misrepresentations, and it suffered significant monetary losses. Id. at 6–7.

These allegations meet the requirements of Rule 9(b) and provide sufficient notice as to the "who, what, where, when, and how" of the alleged fraud. See Drobnak (citation omitted). Consequently, Fundacion's claim for fraud in the inducement will not be dismissed.

**Negligent Misrepresentation**

Citing Section 11 c. set forth above, Alorica argues the contract documents preclude its liability for any of the claims asserted in Fundacion's First Amended Complaint. Filing No. 42 at 11. Alorica asserts the "limitation of liability applies to all claims including those arising out of breach of contract or tort." Id. According to Alorica, "Because Plaintiff's recovery is limited to obligations under the Service Agreement, and its self-help remedy, Plaintiff has no other grounds upon which it can base any claim for damages, and therefore its claims should be dismissed." Filing No. 55 at 4.

7

Alorica does not make any other argument to support its motion to dismiss Fundacion's claim for negligent misrepresentation. Indeed, the matters asserted in its briefing on this issue are more appropriately raised in an answer.

At this point in the proceedings, the Court finds that Fundacion's First Amended Complaint contains sufficient allegations, when taken as true, to state a claim against Alorica for breach of contract, fraudulent misrepresentation, and negligent misrepresentation. Following discovery, the parties may proceed with summary judgment, if appropriate.

Accordingly,

IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 42, is denied.

Dated this 15th day of August, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
