IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FUNDACION TELETON USA,

Plaintiff,

vs.

ALORICA, INC.,

Defendant.

**8:24CV117**

**MEMORANDUM AND ORDER**

This matter comes before the Court on both parties' Objections, Filing No. 222; Filing No. 224, to the Magistrate Judge's Order imposing sanctions on Defendant, Filing No. 218. For the reasons stated herein, the Court overrules Defendant's objection and sustains in part and overrules in part Plaintiff's objection.

## I. BACKGROUND[1]

Plaintiff, Fundacion Teleton USA ("Teleton") is a non-profit organization that conducts fundraising, including during a 30-hour telethon event it conducts annually. In 2013, Teleton entered into a contract with West Direct, LLC, to provide telephone services for its telethons. Defendant, Alorica, Inc., later acquired West Direct and assumed its obligations under the agreement with Teleton. During the 2019 telethon, Alorica experienced a technological failure which caused it to be unable to process donations for Teleton. Teleton filed suit against Alorica alleging breach of contract and fraudulent and negligent misrepresentation.

The case underwent a lengthy and contested discovery process that culminated in two motions for sanctions filed by Teleton against Alorica. Teleton's first motion for

[1] Additional background can be found in the Magistrate Judge's sanctions order, Filing No. 218, and the Court's summary judgment order, Filing No. 221.

sanctions, Filing No. 137, was premised on Alorica's failure to properly conduct searches, preserve information, and produce and supplement discovery in a timely fashion. Teleton's second motion, Filing No. 185, was due to Alorica's failure to produce an adequately prepared Rule 30(b)(6) witness.

In a thorough and lengthy order, Filing No. 218, the Magistrate Judge concluded that Teleton's motions for sanctions should be granted in part. He found that Alorica failed to preserve evidence for litigation, failed to conduct reasonable searches in response to discovery requests, failed to timely supplement its disclosures and discovery responses, and failed to produce an adequately prepared corporate representative for deposition. He concluded these violations were not isolated but represented a pattern of obstructing Teleton's discovery efforts into key questions in the case. He ordered Alorica to pay Teleton's attorney fees and costs associated with three discovery conferences but not for the rest of Teleton's discovery efforts. The Magistrate Judge also ordered trial-related relief, namely that Teleton be permitted to present evidence and argument to the jury regarding Alorica's preservation failure and that the jury be given a permissive jury instruction advising it that it may consider the absence of certain evidence and the circumstances surrounding the loss in evaluating the parties' competing accounts of cause of the 2019 telethon outage.

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to hear and determine a nondispositive pretrial matter. 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's order on a nondispositive matter by filing an objection. Fed. R. Civ. P. 72(a). "A district court may reconsider a magistrate judge's ruling where it has been

shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

## III. ANALYSIS

### A. Defendant's Objection

Alorica argues the sanctions order is clearly erroneous and contrary to law because it was premised on an incorrect interpretation of the contract. It takes issue with the Magistrate Judge emphasizing the importance of the missing evidence by stating it was relevant to Teleton's theory that Alorica's failures rose to the level that Teleton should be entitled to additional categories of damages. Alorica argues that these categories of damages are barred by the contract and the Magistrate Judge engaged in erroneous contract interpretation.

The Court finds the Magistrate Judge's order was neither clearly erroneous nor contrary to law. The Magistrate Judge did not engage in contract interpretation and did not need to for purposes of his sanctions order. His statement about the importance of the evidence to Teleton's theory of the case was merely background information to explain why the level of sanctions he imposed was warranted. That Alorica did not agree with Teleton's contractual interpretation did not relieve it of its duties to produce discovery in a timely and thorough manner.

Alorica also argues that the contract imposes a damages cap which means it cannot be subject to the monetary sanctions the Magistrate Judge imposed. This is incorrect. The contractual damages limitation applies to damages that may be warranted *under the contract,* not judicially imposed sanctions separately authorized for discovery abuses by the Federal Rules of Civil Procedure. To adopt Alorica's position would mean

any party could contract away the jurisdiction of a court in future litigation to manage litigants and control the discovery process. The Court finds no error in the Magistrate Judge's order in this respect.

**B. Plaintiff's Objection**

Teleton argues the Magistrate Judge erroneously ordered relief related to jury instructions and jury evidence when this matter is to be tried to the bench rather than a jury. Upon review of the record, it appears Teleton initially filed a jury demand in this case, Filing No. 1-1 at 10, and the parties later incorrectly noted that "[n]o party has timely demanded a jury trial" in their Rule 26(f) report, Filing No. 61 at 7. Accordingly, the confusion regarding whether this was to be a jury trial or not is understandable. Nevertheless, it appears this matter was definitively resolved at the recent July 15, 2026, status conference and that Teleton has officially waived any right it may have had to a trial by jury. The case will be tried to the bench only. *See* Filing No. 226 (trial setting order). Accordingly, the Court finds it appropriate to amend the Magistrate Judge's order to reflect that no jury instructions need be given, but rather that the Court as factfinder will be the one to consider evidence and argument regarding Alorica's preservation failures and may consider the absence of certain evidence and the circumstances surrounding the loss in evaluating the parties' competing versions of events. To the extent Teleton requests additional relief based on the bench-versus-jury-trial issue, its objection is overruled. Therefore,

IT IS ORDERED:

1) Defendant's Objection to Magistrate Judge's Order, Filing No. 222, is overruled.

2) Plaintiff's Statement of Objection to Magistrate Judge's Order, Filing No. 224, is granted to the extent that the Court, rather than the jury, shall be the factfinder and shall be permitted to engage in the evidentiary presumptions the Magistrate Judge ordered, and is overruled in all other respects.

Dated this 5th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge